McAnany, J.;
Pursuant to a plea agreement with the State, Kurt Powell pled guilty to aggravated indecent liberties with his daughter, a child under the age of 14. The crime carries a presumptive sentence of life imprisonment with no possibility of parole for 25 years. In turn, the State agreed to dismiss two additional charges and agreed that Powell was free to seek a departure from the presumptive hard 25 prison sentence.
Powell moved for a downward durational departure from the presumptive sentence to a shorter prison sentence of 29½ months. He based his motion on the following claimed mitigating factors: (1) his lack of a criminal history; (2) the availability of rehabilitation programs and his willingness to participate in them; (3) his work history and supportive family; and (4) his truthfulness with police during the course of the investigation.
The district court took up Powells motion at the sentencing hearing. Dr. Robert Barnett, a psychologist, testified that after conducting a clinical interview and mental health examination of Powell, it was his opinion that Powell did not suffer from any major mental health or substance abuse disorders; that Powell had the capacity to understand and learn from the consequences of his *760 actions; and that Powell would be a good candidate for a departure sentence based on his work history, family support, lack of substance abuse, and lack of criminal history. Barnett stated: “I’m not quite sure how he could be a better candidate.”
Powell presented the testimony of a friend from church who testified that he perceived Poweíl as a man “wanting help and wanting to change.” In addressing the court, Powell stated that he was “deeply sorry for the pain and suffering that my actions have caused” and accepted complete responsibility, noting this cooperation throughout the legal process. •
In opposing Powells departure motion, the State presented Powells 25-year-old stepdaughter who testified extensively about the frequent sexual abuse she had suffered at the hands of Powell years before. She testified that the abuse continued from about age 3 until well into her teenage years. She testified that Powell continued to make sexual comments to her even after she reached adulthood. In her opinion, Powell would probably reoffend in the future.
After having reviewed the letters written in support of Powell and having considered the evidence presented at die hearing, and after expressing the court’s understanding of the mitigating factors that Powell was relying on, the court concluded there were no substantial and compelling reasons to depart from the Jessica’s Law hard 25 sentence. The court sentenced Powell to life imprisonment with no chance of parole for 25 years. Powell was also ordered to have no contact with his daughter, the victim in this case, or his stepdaughter who testified at the hearing.
Powell appeals his sentence, arguing that the district court abused its discretion when the court denied his departure motion after considering both mitigating and aggravating factors. He also argues that the district court lacked the authority to enter a no-contact order as part of his sentence.
We apply the abuse of discretion standard in our review of the district court’s sentencing order. State v. Randolph, 297 Kan. 320, 336, 301 P.3d 300 (2013). A court abuses its discretion if its decision is based on an error of law or fact or if no reasonable person *761 could agree with its decision. State v. Marshall, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Consideration of Aggravating Factors and Mitigating Factors

Under Jessicas Law, and with limited exceptions, the sentencing court must sentence a defendant who is 18 years or older and convicted of aggravated indecent liberties with a child to life in prison with no possibility of parole for 25 years. See K.S.A. 2016 Supp. 21-6627(a). The court has the discretion to impose a shorter sentence only if it “finds substantial and compelling reasons, following a review of mitigating circumstances.” K.S.A. 2016 Supp. 21-6627(d)(l). The statute lists six nonexclusive mitigating factors for departure. K.S.A. 2016 Supp. 21-6627(d)(2).
In State v. Jolly, 301 Kan. 313, Syl. ¶ 5, 342 P.3d 935 (2015), our Supreme Court clarified the two-step process a sentencing court must apply in evaluating a defendant’s motion for departure:
“The proper statutory method when considering a departure from a Jessica’s Law sentence is for the sentencing court first to review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence.”
Jessica’s Law, K.S.A. 2016 Supp. 21-6627, “makes no provision for the weighing of aggravating circumstances against the mitigating circumstances to determine if a departure should be imposed.” 301 Kan. at 321. Nevertheless, the sentencing court can consider the manner in which the defendant committed the crime for which a sentence is being imposed and the circumstances inherent in that crime. See State v. McCormick, 305 Kan. 43, 50-51, 378 P.3d 543 (2016).
Powell provided several claimed mitigating factors to support his departure motion. In opposition, the State presented evidence of Powell’s earlier sexual abuse of his stepdaughter. The stepdaughter’s testimony was not related to the manner in which Powell later sexually abused his daughter, the crime for which he now was facing sentencing, or the circumstances inherent in his current crime. *762 Her testimony was presented solely as an aggravating factor intended to offset the mitigating factors Powell presented.
We express no opinion as to whether Powells claimed mitigating factors constituted substantial and compelling reasons for the court to depart from a Jessicas Law sentence. But in deciding the matter, the district court stated that it had reviewed and considered all of the sentencing information it had been given, which included the testimony at the sentencing hearing regarding Powells claimed mitigating factors and the State’s aggravating factor testimony from Powell’s stepdaughter. Further, the court gave no indication that in doing so it was following Jolly by not weighing the States evidence of an aggravating factor against Powell’s claimed mitigating factors. The court merely stated that it had considered all of the information presented.
In State v. Pulley, No. 112,631, 2015 WL 5750477 (Kan. App. 2015) (unpublished opinion), this court considered whether the sentencing court followed the two-step directive in Jolly in a Jessica’s Law case. The court held that when the record is ambiguous as to whether the sentencing court weighed any aggravating circumstances against the mitigating circumstances, the sentence should be vacated and the case remanded for resentencing. 2015 WL 5750477, at *5. Failure to follow the statutory method for considering a departure from a Jessica’s Law case is an error of law and constitutes an abuse of discretion. 2015 WL 5750477, at *6. See State v. Sullivan, No. 114,369, 2016 WL 4413563, at *3 (Kan. App. 2016) (unpublished opinion) (vacating Jessica’s Law sentence and remanding for resentencing when the sentencing court made a “generalized consideration” of all factors and did not specifically indicate that it followed the process set out in Jolly).
Under these circumstances, and because we cannot definitively determine from the record whether the sentencing court considered Powell’s claimed mitigating circumstances without weighing them against the States aggravating circumstances, we find it necessary to vacate Powell’s sentence and remand for resentencing and for reconsideration of Powell’s departure motion and, in reconsidering Powell’s motion, to demonstrate compliance with Jolly.

*763
No-Contact Order

Powell also argues that the sentencing court imposed an illegal sentence when it ordered Powell not to have contact with his daughter or stepdaughter. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we exercise unlimited review. State v. Lee, 304 Kan. 416, 417, 372 P.3d 414 (2016).
One of the bases for finding that a sentence is illegal is that the sentence imposed exceeded the court’s jurisdiction. See State v. Plotner, 290 Kan. 774, 781, 235 P.3d 417 (2010). In Plotner, our Supreme Court held that a sentence of imprisonment combined with a no-contact order, which is generally a condition of probation, is an illegal sentence because it exceeds the sentencing court’s authority under K.S.A. 21-4603d(a) (now K.S.A. 2016 Supp. 21-6604). 290 Kan. at 782. See also State v. Alcala, 301 Kan. 832, 835, 348 P.3d 570 (2015) (no-contact order is a probation condition that could not be properly imposed in conjunction with prison sentence). The State concedes that the sentencing court did not have the authority to impose a no-contact order as a condition of Powell’s prison sentence. Thus, the district court’s no-contact order is vacated.
Sentence vacated and remanded with directions.
[[Image here]]