NOT DESIGNATED FOR PUBLICATION

No. 117,580

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JONATHAN CHAIREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed October 5, 2018.
Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Amy L. Aranda*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Jonathan Chairez appeals the district court's denial of his motion for
a durational departure sentence instead of imposition of a presumptive Jessica's Law
sentence. Chairez contends the district court erred when it denied his motion because it
inappropriately weighed mitigating circumstances with aggravating circumstances. Upon
our review, we are convinced the district court faithfully adhered to the procedures set
forth in *State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015), and, as a result, did not err in
denying the departure motion. We affirm.

1

The State charged Chairez with two counts of aggravated criminal sodomy with a child under 14 years of age, in violation of K.S.A. 2016 Supp. 21-5504(b)(1), and one count each of rape in violation of K.S.A. 2016 Supp. 21-5503(a)(3), aggravated indecent liberties with a child in violation of K.S.A. 2016 Supp. 21-5506(b)(3)(A), and battery in violation of K.S.A. 2016 Supp. 21-5413(a)(1). In keeping with a plea agreement and upon his no contest pleas, Chairez was found guilty of one count each of aggravated criminal sodomy and battery. In return, the State dismissed the remaining charges. In preparation for sentencing, the defense hired Dr. Jon Sward to conduct a sex offender evaluation of Chairez.

Upon his conviction of aggravated criminal sodomy, Chairez filed a motion for a downward durational departure from the presumptive sentence of life imprisonment. In the motion, he listed several mitigating circumstances. First, he noted that his criminal history consisted of only three minor offenses—a juvenile theft adjudication when he was 15 years old and two marijuana possession convictions. Second, Chairez asserted he was "under the influence of extreme mental or emotional disturbances" at the time he committed his current offenses. In support, he noted that Dr. Sward diagnosed him with moderate chronic depression disorder and moderate to severe generalized anxiety disorder. Third, Chairez cited Dr. Sward's evaluation that he "is an introverted feeling with intuition personality type who may act out in ways that violate his higher ideals in a quest for love, respect and acceptance." Finally, Chairez stated that Dr. Sward's evaluation revealed that a high score in adverse childhood experiences likely explained one cause of his criminal conduct. Chairez later filed a supplement to his motion adding that he acted under extreme duress in committing his offenses.

At sentencing, Dr. Sward and the investigating law enforcement officer on the case testified. After considering this testimony, the district judge stated:

"The testimony that we've heard here today clearly indicates that Mr. Chairez has a lot of issues that he's struggled with over his lifetime, still searching for the appropriate way to deal with those issues. I believe Dr. Sward's evaluation was thorough and gave me insight into what's going on with Mr. Chairez. That's half of the equation. One of the things that he said that struck me the most was, I'm paraphrasing, Mr. Chairez has problems with anger and he gets angry when he experiences a lack of control in sexual relationships that may cause him to act out against those he can control, such as in this case, a child victim. I would note from the facts that he exerted that control, even to a greater degree, when he chose to blindfold his victim in this case."

The district court denied Chairez' motion for a durational departure and sentenced him to a hard 25 life sentence for committing aggravated criminal sodomy. As a consequence, Chairez is not eligible for parole for 25 years. A concurrent sentence of six months in jail was imposed for the battery conviction.

Chairez appeals.

### DENIAL OF THE MOTION FOR A DURATIONAL DEPARTURE SENTENCE

On appeal, Chairez contends the district court erred in denying his motion for a durational departure sentence by failing to adhere to the procedure established by our Supreme Court in *Jolly*, 301 Kan. 313.

When reviewing a district court's ruling on a motion for departure, an appellate court applies an abuse of discretion standard. 301 Kan. at 324. "'A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based.'" 301 Kan. at 325 (quoting *State v. Smith*, 299 Kan. 962, 970, 327 P.3d 441 [2014]).

3

Chairez was convicted of aggravated criminal sodomy with a child under 14 years of age. Defendants, like Chairez, who are 18 years of age or older when they commit this crime shall be sentenced to life imprisonment with a mandatory minimum term of imprisonment of not less than 25 years unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure. K.S.A. 2016 Supp. 21-6627. This sentencing statute is colloquially known as Jessica's Law. *Jolly*, 301 Kan. at 316.

Prior to our Supreme Court's opinion in *Jolly*, district courts considering departure sentences in Jessica's Law cases were occasionally weighing aggravating factors against mitigating factors. See 301 Kan. at 322-23 (listing cases). In *Jolly*, however, our Supreme Court held that K.S.A. 21-4643(d) (now K.S.A. 2017 Supp. 21-6627[d]) forbade this type of weighing analysis. 301 Kan. at 322. The *Jolly* court noted the plain language of the statute "instructs the sentencing court to conduct a review of the mitigating circumstances without balancing them against the aggravating ones." 301 Kan. at 322. Although sentencing courts may not weigh aggravating factors against mitigating ones, "the facts of the case—including any egregious ones—are essential for a judge to consider in deciding if a departure is warranted based on substantial and compelling reasons." 301 Kan. at 323-24. Thus, the sentencing judge may consider "information that reasonably might bear on the proper sentence for a particular defendant, given the crime committed, including the manner or way in which an offender carried out the crime. This includes those 'circumstances inherent in the crime and the prescribed sentence.'" 301 Kan. at 324 (quoting *State v. Florentin*, 297 Kan. 594, 598, 303 P.3d 263 [2013]).

On appeal, Chairez argues that the district court failed to conduct an independent review of the mitigating factors in his case and, instead, engaged in an improper weighing of mitigating factors against aggravating ones. He cites two cases in support of his argument.

First, Chairez cites *State v. McCormick*, 305 Kan. 43, 378 P.3d 543 (2016), for the proposition that an appellate court should reverse a Jessica's Law sentence where it is unclear whether the district court weighed aggravating circumstances with mitigating ones. There, "[t]he district judge discussed the mitigating factors advanced by McCormick but emphasized, 'The problem is there's an aggravating factor here,' B.P.'s extreme intoxication during the sexual intercourse." 305 Kan. at 46. In concluding there were not substantial and compelling reasons for departure, the district judge explained that even though there were several substantial mitigating factors, they were outweighed by the aggravating factor that the victim was very inebriated. 305 Kan. at 46.

Our Supreme Court reversed the district court, holding:

"[W]here, as here, the district judge explicitly referred to the piece of evidence that persuaded him as an 'aggravating factor,' we cannot be wholly confident that the statutory command not to conduct weighing of aggravators and mitigators was followed. As we said in *Jolly*, the sentencing judge may consider the manner in which a crime is committed and the circumstances inherent in the crime, as well as whether mitigators that are substantial and compelling justify a departure from Jessica's Law. But the judge may not weigh aggravators and mitigators. That is exactly what the judge himself said he was doing in this case." 305 Kan. at 50-51.

Chairez claims this case is similar to *McCormick* because the district judge "engaged in balancing of the mitigating factors against the aggravated factors." He cites the district court's comment that Dr. Sward's evaluation was only "half of the equation." But the district court's remark here is not similar to the obvious *Jolly* violation in *McCormick*. Here, the district court never referred to aggravating and mitigating factors, or stated that one outweighed the other. Moreover, referring to the analysis as a two-part equation is also not an error. The *Jolly* court established a two-part test—first the court reviews the mitigating circumstances, and second the court determines whether those

5

circumstances constitute substantial and compelling reasons to depart in light of the case facts. *Jolly*, 301 Kan. at 324. Quite simply, *McCormick* is distinguishable from this case.

Chairez also cites *State v. Powell*, 53 Kan. App. 2d 758, 762, 393 P.3d 174 (2017), *rev'd* 308 Kan. ____, 425 P.3d 309 (2018), for the proposition that the sentencing record must be clear that the district court considered mitigating circumstances without weighing them against aggravating factors. In *Powell*, our court reversed a district court's ruling denying a motion for departure from a Jessica's Law sentence because it could not "definitively determine from the record whether the sentencing court considered Powell's claimed mitigating circumstances without weighing them against the State's aggravating circumstances." 53 Kan. App. 2d at 762. The court remanded the case with instructions to the district court to "demonstrate compliance with *Jolly*." *Powell*, 53 Kan. App. 2d at 762. Chairez argues that, like *Powell*, in the case on appeal it is also unclear as to whether "the district court evaluated the mitigating circumstances to determine whether they presented substantial and compelling reasons for departure **before** considering the aggravated factors."

Since Chairez filed his appeal, our Supreme Court reversed our court's decision in *Powell*. *State v. Powell*, 308 Kan. ___, 425 P.3d 309 (2018). The Supreme Court held that a district court's failure to analyze the *Jolly* steps on the record is not reversible error. 425 P.3d at 318. It noted that K.S.A. 2017 Supp. 21-6627(d) does not require a district court to state its reasons when it *denies* a departure motion. 425 P.3d at 318. Rather, the district court is only required to explain its reasoning when it *grants* a departure motion. K.S.A. 2016 Supp. 21-6627(d)(1) ("If the sentencing judge departs from such mandatory minimum term of imprisonment, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure.").

*Powell*'s teaching is consistent with other Kansas Supreme Court precedent, which holds that a district court is not required to explain its analysis of mitigating factors when

denying a motion for departure. *State v. Harsh*, 293 Kan. 585, 587, 265 P.3d 1161 (2011). The *Powell* court concluded that "the only question" in an appeal challenging the denial of a departure from a Jessica's Law sentence "is whether something in the record shows an abuse occurred." 425 P.3d at 320. As discussed earlier, in this case the district court did not engage in a weighing of mitigating and aggravating circumstances nor did the court make a statement suggesting it conducted such a weighing analysis.

Upon review of our Supreme Court's opinions in *Jolly* and *Powell*, we conclude the district court did not err in denying Chairez' motion for a durational departure.

Affirmed.