NOT DESIGNATED FOR PUBLICATION

No. 119,450

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANON PATRICK WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed May 10, 2019. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON AND MALONE, JJ.

PER CURIAM: A jury convicted Shanon Patrick Williams of three counts of sexual exploitation of a child. The district court denied his departure motion. In *State v. Williams*, No. 114,310, 2017 WL 2833449, at *7 (Kan. App.) (unpublished opinion), *rev. denied* 307 Kan. 993 (2017), this court vacated and remanded his sentence in part because the district court had not followed the proper procedure for considering a departure motion under K.S.A. 2016 Supp. 21-6627(d), as set forth in *State v. Jolly*, 301 Kan. 313, Syl. ¶ 5, 342 P.3d 935 (2015). On resentencing, the district court again denied Williams' departure motion and imposed the original sentence. Williams appeals.

1

FACTS

A jury convicted Williams of three counts of sexual exploitation of a child for taking pornographic pictures of his 13-year-old stepdaughter and posting them online for distribution and trade. Williams moved for a departure, but the district court denied his motion. The court imposed two consecutive life sentences without the possibility of parole for 25 years for the two off-grid convictions of sexual exploitation of a child, followed by a 41-month prison sentence for the remaining severity level 5 conviction of sexual exploitation of a child.

The *Williams* court affirmed his convictions but vacated his sentence and remanded for resentencing. 2017 WL 2833449, at *8. The court found that the district court erred by imposing lifetime postrelease supervision. 2017 WL 2833449, at *6. The *Williams* court also found that the record did not establish that the district court had followed the proper procedure for considering a departure motion under K.S.A. 2016 Supp. 21-6627(d), as set forth in *Jolly*, 301 Kan. 313, Syl. ¶ 5. *Williams*, 2017 WL 2833449, at *7.

At resentencing, Williams again moved for a departure. He argued that two of the mitigating factors listed in K.S.A. 2016 Supp. 21-6627(d)(2) applied in his case. He argued he had no significant criminal history because his only prior felony conviction was a drug offense from 2003. See K.S.A. 2016 Supp. 21-6627(d)(2)(A). He also argued that his alcohol use rendered him unable to appreciate the criminality of his conduct or conform his conduct to the law. See K.S.A. 2016 Supp. 21-6627(d)(2)(E).

Williams also argued that several nonstatutory mitigating circumstances applied in his case. He argued his family was supportive, and several of his family members spoke at the hearing. He argued he had gainful employment at the time of his arrest. He

presented two pay stubs from the Village Inn for the two months before he was arrested and told the court he had spent several years working at another restaurant before that. He also argued he cooperated with law enforcement by making a confession and handing over the passwords for various email accounts. He added that he had made substantial efforts to rehabilitate himself in prison. He provided the court with two certificates for programs he had completed in prison and a letter from his unit supervisor stating Williams had had no disciplinary issues.

The district court denied Williams' departure motion, finding that none of the mitigating circumstances were enough to warrant a departure. The court again sentenced Williams to two consecutive life sentences without the possibility of parole for 25 years followed by 41 months' imprisonment.

ANALYSIS

*Did The District Court Make a Mistake of Law in Denying Williams' Departure Motion?*

On appeal, Williams argues the district court erred again in denying his departure motion. He contends the court made a mistake of law because it did not consider all his mitigating circumstances together in deciding whether they amounted to substantial and compelling reasons to depart. He also asserts the court erred by not considering all of his mitigating circumstances in reaching its decision.

Because two of Williams' three sexual exploitation convictions were off-grid, he was subject to sentencing under K.S.A. 2016 Supp. 21-6627, also known as Jessica's Law. That statute generally provides for a life sentence with a mandatory minimum 25-year term of imprisonment. But it also expressly authorizes and provides a procedure for imposing a departure sentence from the mandatory minimum sentence. See K.S.A. 2016

3

Supp. 21-6627(d). In evaluating a request for a departure sentence under Jessica's Law, the district court must determine whether substantial and compelling reasons exist for a departure "'*following a review of mitigating circumstances*.'" *Jolly*, 301 Kan. at 321-23 (disapproving language in prior cases calling for the weighing of aggravating and mitigating circumstances in the departure decision).

To make this determination, the district court must follow a two-step process. First, the court must review the mitigating circumstances without trying to weigh them against any aggravating circumstances. Then the court determines whether, based on all the facts of the case, the mitigating circumstances rise to the level of "substantial and compelling reasons" to depart from the mandatory minimum sentence. 301 Kan. at 324. Substantial means something of substance, not imaginary or fleeting, and compelling implies that the case's facts force the court to go beyond what is ordinary. 301 Kan. at 326.

When reviewing a district court's decision on whether mitigating circumstances warrant a departure sentence under Jessica's Law, this court applies the abuse of discretion standard of review. 301 Kan. at 325. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

In its ruling, the district court stated, "[It did] not find any of the mitigating circumstances sufficient to warrant departure." The court held that only one of Williams' factors, his lack of a significant criminal history, was "possibly mitigating." It found that "[n]one of the other argued circumstances which were voluntary intoxication, a supportive family, and work history, [were] sufficient to warrant a finding of mitigating circumstances." The court rejected voluntary intoxication as a mitigating circumstance because the evidence at trial showed the crimes took place over a span of at least a year.

4

It held that a supportive family is "important in someone's life but does not mitigate the offenses . . . for which Mr. Williams was convicted." It found a one- or two-month work history "[was] not significant enough to again rise to the level of mitigation." The court did not address Williams' other two mitigating factors on the record but concluded, "I have considered all of the presented mitigating circumstances" before imposing sentence.

Williams argues the district court made an error of law because it considered the mitigating factors individually but did not consider them all together and cites *State v. Beaman*, 295 Kan. 853, 866, 286 P.3d 876 (2012) ("The important question is whether those mitigating factors *together* create substantial and compelling reasons."), *disapproved of on other grounds by Jolly*, 301 Kan. 313. See also *Jolly*, 301 Kan. 313, Syl. ¶ 12 ("Each mitigating circumstance is not required to sufficiently justify a departure by itself, so long as the collective circumstances constitute a substantial and compelling basis for departure."). But in reaching its decision, the district court found that only one of Williams' factors was mitigating. The court found Williams had no significant criminal history, a statutory mitigating factor under K.S.A. 2016 Supp. 21-6627(d)(2)(A). The court found that the rest of Williams' factors were either unsupported by the evidence or were not mitigating. Because the court found only one mitigating circumstance, there were no circumstances to consider collectively. Thus, the district court made no mistake of law by failing to consider Williams' mitigating circumstances together.

Williams also argues the district court failed to consider two of his proposed mitigating circumstances: his cooperation with law enforcement during the investigation and his behavior in prison. Granted, the district court did not address these factors on the record. But courts need not state reasons for denying a departure motion on the record. They must state only the substantial and compelling reasons if they grant a departure. K.S.A. 2016 Supp. 21-6627(d)(1); *State v. Powell*, 308 Kan. 895, 908-09, 425 P.3d 309 (2018). The district court also stated it had "considered all of the presented mitigating circumstances." See *State v. Barron*, No. 118,833, 2019 WL 405738, at *5 (Kan. App.

2019) (unpublished opinion) (finding district court properly weighed mitigating circumstances even though it did not specifically mention all of defendant's proposed mitigating factors on record). Thus, Williams has failed to prove the district court abused its discretion on this point.

In summary, the district court made no error of law by failing to consider Williams' proposed mitigating circumstances collectively because it found only one mitigating circumstance existed. Similarly, the district court did not err in failing to consider some of the proposed mitigating circumstances on the record because district courts need not state reasons for denying a departure motion.

Affirmed.