NOT DESIGNATED FOR PUBLICATION

No. 122,416

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GENE A. CUSICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 25, 2021.
Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and CLINE, JJ.

PER CURIAM: Gene A. Cusick argues the district court should have imposed a departure sentence for his convictions for two counts of aggravated indecent liberties with a child. Our review of the record reveals no abuse of discretion by the sentencing court, and we affirm.

After a 10-year-old girl had reported that Cusick touched her "private spot" and another 10- or 11-year-old girl reported that she had touched Cusick's penis, Cusick was

charged with two counts of aggravated indecent liberties with a child—off-grid felonies. He pled guilty.

Cusick asked for a downward durational departure to a grid sentence. He argued that several mitigating factors, taken together, were substantial and compelling reasons to grant a sentencing departure:

- He had accepted responsibility by entering a plea;
- he saved the victims the trauma of having to testify by waiving his right to a preliminary hearing;
- he was willing to serve a prison sentence;
- there were community-based programs that would help reduce his likelihood of recidivism;
- he was able to be a productive member of society; and
- he had some health issues that he wanted to address, including "potential cancerous spots" on his colon and his lung and a "pretty severe" hernia.

The State opposed his motion. The prosecutor argued that a departure was inappropriate because the charges encompassed two separate victims over different periods in Cusick's life. Cusick also had a collection of children's clothing in his home— including children's underwear. And he had an inappropriate relationship with a child at a skating rink. Cusick had also tattooed another child's name onto his chest.

Ultimately, the sentencing court ruled there were no substantial and compelling reasons to depart and denied the motion. The court sentenced Cusick to two concurrent sentences of life imprisonment with no possibility of parole for 25 years.

To us, Cusick argues the sentencing court erred by not granting his departure motion. He points out:

- He has no criminal history;

- he accepted responsibility for his crimes;

- there are community treatment programs that would reduce recidivism and promote rehabilitation; and

- he has severe health conditions that may go untreated in prison and place him at a higher risk if he contracts COVID-19 while incarcerated.

This is a matter of discretion. We cannot reverse a sentencing court's denial of a departure under Jessica's Law unless the court abused its discretion in holding there were no substantial and compelling reasons to depart.

A sentencing court abuses its discretion when a ruling is:

- based on an error of law;

- based on an error of fact; or

- arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the court.

*State v. Powell*, 308 Kan. 895, Syl. ¶ 4, 911, 425 P.3d 309 (2018).

The party alleging an abuse of discretion must demonstrate it. *Powell*, 308 Kan. 895, Syl. ¶ 5. Thus, we will review this sentence to determine whether it is reasonable.

Popularly called Jessica's Law, K.S.A. 2020 Supp. 21-6627 generally calls for a life sentence with a mandatory minimum term of imprisonment. The statute, however, does provide a way to depart from the mandatory minimum sentence. See K.S.A. 2020 Supp. 21-6627(d). For an offender's first Jessica's Law conviction, the sentencing court may depart from the mandatory minimum and impose a sentence under the revised Kansas Sentencing Guidelines Act if, "following a review of mitigating circumstances," the court finds substantial and compelling reasons to do so. K.S.A. 2020 Supp. 21-6627(d)(1); *Powell*, 308 Kan. at 902.

When deciding such a motion to depart, a sentencing court must first review the mitigating circumstances without trying to weigh them against any aggravating circumstances. Then the court determines, based on all the facts of the case, whether the mitigating circumstances rise to the level of "'substantial and compelling reasons'" to depart from the mandatory minimum sentence. *Powell*, 308 Kan. at 913-14 (citing *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 [2015]). A circumstance is "'substantial'" if it is "'real, not imagined; something with substance and not ephemeral,'" and a circumstance is "'compelling'" if the court is "'forced, *by the facts of a case*, to leave the status quo or go beyond what is ordinary.'" *Powell*, 308 Kan. at 914.

Cusick does not allege that the court made an error of fact or law. And he has not shown that no reasonable person would agree with the sentencing court's decision. We note that Cusick had two young victims. He at first denied responsibility. He did not show he would be amenable to community treatment. He did not show that his health risks were such that he could not get treatment in prison. And given that he was sentenced in December 2019, a durational departure to a grid sentence would not have prevented him from being in prison during the COVID-19 pandemic. In our view, Cusick has not shown this is an extraordinary case. Based on all the facts of this case, a reasonable person could have concluded Cusick's mitigating circumstances did not rise to the level of substantial and compelling reasons to depart from the mandatory minimum sentence.

We hold the sentencing court did not abuse its discretion by denying the motion for a departure sentence.

Affirmed.