NOT DESIGNATED FOR PUBLICATION

No. 121,228

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY JAMES BARNABY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed July 2, 2020. Affirmed in part, vacated in part, and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., WARNER, J., and LAHEY, S.J.


PER CURIAM: Zachary Barnaby pleaded guilty to rape after his sister reported he had sexually abused her. He now appeals the district court's denial of his motion for a departure sentence shorter than the presumptive term of life imprisonment under Jessica's Law. Having reviewed the facts and arguments presented, as well as the district court's explanation of its ruling, we find the court did not abuse its discretion when it denied Barnaby's motion. But we vacate the portion of Barnaby's sentence involving lifetime supervision—a condition not permitted under Kansas law—and remand the case to allow the district court to correct this error.

1

FACTUAL AND PROCEDURAL BACKGROUND

When she was 16 years old, Barnaby's sister reported to the police that he had sexually abused her a number of times when she was younger. She could not state how many times she was abused, but she described three incidents that took place while she was between the ages of 8 and 13; Barnaby was at least 18 years old during two of those events. In a police interview, Barnaby admitted to many instances of sexual abuse. He wrote an apology note to his sister and said that he deserved to be arrested.

Based on this evidence, the State charged Barnaby with two counts of rape. He later pleaded guilty to one of these counts, and the State agreed to dismiss the other.

Under Jessica's Law, the presumptive sentence for several serious offenses against children—including rape—is life imprisonment with no possibility of parole for 25 years. K.S.A. 2019 Supp. 21-6627(a)(1). In the case of a first conviction of one of these crimes, the district court may impose a less severe sentence if it finds "substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2019 Supp. 21-6627(d)(1).

Barnaby's plea agreement expressly allowed him to seek a departure from the presumptive sentence, and he did so. At sentencing, Barnaby argued that several mitigating factors, when taken together, rose to the level of substantial and compelling reasons to grant a shorter sentence than life imprisonment. Barnaby noted that he had no criminal record, felt remorse, had cooperated with law enforcement from the very beginning, and had admitted to his actions. Barnaby also argued that he was on the autism spectrum, which contributed to his actions, and that his sex-offender and psychological evaluations recommended treatment in the community.

The State opposed Barnaby's requested departure. It asserted that Barnaby had mischaracterized his sex-offender and psychological evaluations; according to the State, those reports recommended therapy, not specifically community-based therapy, and sex-offender therapy was available in prison. The State also expressed concerns about public safety, indicating that Barnaby's recidivism risk was higher than the State's attorney had typically seen and that Barnaby's comments in his sex-offender evaluation suggested he was not taking full responsibility for his actions.

After considering the arguments presented, the district court acknowledged that Barnaby had presented a number of potentially mitigating circumstances. But it found that these circumstances were not substantial and compelling reasons to justify a departure from the presumptive sentence. Specifically with regard to Barnaby's sex-offender treatment, the court noted that although "Barnaby may benefit from treatment," his proposal for community-based treatment "would pose a substantial risk to the community." The court did not "believe that a durational departure under these circumstances is justified." The court therefore denied Barnaby's motion.

The court sentenced Barnaby to the presumptive sentence under Kansas law—a lifetime sentence without the possibility of parole for 25 years—and imposed lifetime postrelease supervision. Barnaby appeals.

## DISCUSSION

Barnaby challenges his sentence on two grounds. He first argues the district court abused its discretion by not granting his departure motion for a shorter sentence. Barnaby also argues—and the State agrees—that the district court imposed an illegal sentence by ordering lifetime postrelease supervision, as off-grid crimes are subject to parole, not postrelease supervision.

3

1.  *The district court did not abuse its discretion in denying Barnaby's request for a departure sentence.*

Barnaby argues the district court should have granted his request for a shorter sentence. Appellate courts review a district court's determination on whether to grant a departure sentence in a Jessica's Law case for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, 324-25, 342 P.3d 935 (2015). "'A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge; (2) a ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based.'" 301 Kan. at 325.

Generally, this court will not disturb a district court's denial of a departure sentence when it follows the correct legal analysis. But a court abuses its discretion when it deviates from the required legal framework or fails to properly consider statutory limitations. *State v. Powell*, 308 Kan. 895, 903, 425 P.3d 309 (2018). The party alleging an abuse of discretion bears the burden of proving it. 308 Kan. at 910-11. Appellate courts do not reweigh the evidence, assess the credibility of the witnesses, or resolve evidentiary conflicts. *State v. Reed*, 300 Kan. 494, 499, 332 P.3d 172 (2014).

K.S.A. 2019 Supp. 21-6627(d)(1) grants the district court the discretion to sentence the defendant under the Kansas Sentencing Guidelines Act for a Jessica's Law violation, rather than the presumptive sentence of lifetime imprisonment, if the court "finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." *Substantial* means "something that is real, not imagined, something with substance and not ephemeral"; *compelling* "implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary." *Jolly*, 301 Kan. 313, Syl. ¶ 9.

K.S.A. 2019 Supp. 21-6627(d)(2) lists mitigating factors that a district court may consider in determining whether substantial and compelling reasons justify a sentencing

4

departure. That list of factors is not exhaustive. K.S.A. 2019 Supp. 21-6627(d)(2). And even if substantial and compelling reasons might justify granting a departure, the district court is not required to do so. See *Powell*, 308 Kan. at 902-03.

Here, the district court considered Barnaby's suggested mitigating factors and, though not unsympathetic to those arguments, concluded they did not rise to substantial and compelling reasons justifying a sentencing departure. Though some may disagree with the court's analysis, its conclusion was reasonable. The district court did not abuse its discretion in denying Barnaby's motion for a departure sentence.

2. *We remand the case to correct errors in Barnaby's sentence.*

When the court sentenced Barnaby to a term of life imprisonment, it also stated he would be subject to a lifetime term of postrelease supervision. The journal entry memorializing Barnaby's sentence also indicates he is subject to "Lifetime Postrelease" supervision. Barnaby argues this portion of his sentence is illegal because sentences under Jessica's Law are to be followed by parole, not postrelease supervision. See *State v. Summers*, 293 Kan. 819, 832, 272 P.3d 1 (2012). The State concedes this error.

"'An inmate who has received an off-grid indeterminate life sentence can leave prison only if the . . . Kansas [Prison Review] Board grants the inmate parole. Therefore, a sentencing court has no authority to order a term of postrelease supervision in conjunction with an off-grid indeterminate life sentence.'" 293 Kan. at 832. We thus vacate the portion of Barnaby's sentence referencing postrelease supervision and remand the case for the district court to correct Barnaby's journal entry.

Affirmed in part, vacated in part, and remanded with directions.