NOT DESIGNATED FOR PUBLICATION

No. 126,845

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DERRICK DEWAYNE HAASE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ottawa District Court; RENE S. YOUNG, judge. Submitted without oral argument. Opinion filed November 15, 2024. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GREEN and HILL, JJ.

PER CURIAM: Kansas law gives sentencing judges the discretion to depart from our determinative sentencing grid where the Legislature has created sentences that are set out in numbers of months that vary according to the severity of the crime and the criminal history of the offender. Departure sentences may vary durationally—that is the length of the sentence, or they may vary by disposition—that is the offender is placed in prison or on probation. Derrick B. Haase asked for a durational departure sentence. The court denied his request and this is his appeal.

1

After making an agreement with the State, Haase entered no-contest pleas to one count of rape of a child under 14 and one count of aggravated indecent liberties with a child under 14. Both are off-grid crimes. The parties agreed to recommend to the court that it should impose a sentence from the sentencing grid.

If the court chose to follow the recommendation, it would have had to enter a downward durational departure sentence. The court did not follow their recommendation, however, and did not impose grid sentences. Hasse now appeals his two consecutive life imprisonment sentences. He argues that in denying his departure motion, the sentencing court abused its discretion.

Based on our review of the record, we hold that the sentencing court's findings that there were no mitigating circumstances nor substantial and compelling reasons to warrant a sentencing departure were reasonable. The court therefore did not abuse its discretion in denying Haase's departure motion.

Haase also argues that his two life imprisonment sentences violate the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment. But our Kansas Supreme Court has held that life imprisonment sentences for the same crimes are not cruel or unusual. We are duty-bound to follow that precedent. Thus, we affirm.

*Haase makes a bargain and enters a plea.*

Derrick D. Haase pled no contest to two off-grid person felony charges: (1) rape of a child younger than 14; and (2) aggravated indecent liberties with a child younger than 14. In exchange, the State agreed to dismiss all remaining charges. The plea agreement provided that both parties would recommend that the court enter a downward durational departure to the sentencing grid. The parties predicted that if a departure were granted,

2

Haase would likely serve 408 months in prison. In his plea agreement, Haase acknowledged that he fully understood "that the Court is not bound by any agreements made between the County Attorney and [his] lawyer, concerning the sentence to be imposed in this case." He also acknowledged that he understood "that it is the Court's responsibility, and the Court's alone, to determine the appropriate sentence in this matter."

At his plea hearing, Haase confirmed that he understood that "any agreements regarding sentencing are recommendations to the Court but are not binding on the Court" and that "the imposition of sentence is the responsibility of the Court alone."

The district court carefully explored the circumstances of his pleas. The court asked Haase about his understanding of the plea agreement and various rights that he would be waiving and found Haase's plea was entered freely and voluntarily. The court also found that his plea was made after a full and complete opportunity to consult with his lawyer and was not made out of ignorance, fear, inadvertence, or coercion. As a result, Haase was convicted of rape of a child younger than 14 and aggravated indecent liberties with a child younger than 14.

*Haas seeks a departure sentence at the sentencing hearing.*

At Haase's sentencing hearing, the victim described how Haase's crimes had affected her and would continue to affect her. After that, the sentencing court took up Haase's downward durational departure motion. In support of his motion, Haase argued that the sentencing court should grant the motion because he satisfied the requirement that there be substantial and compelling reasons to depart. These reasons included:

- That the plea agreement requires that the court find that the case should go back onto the sentencing grid

3

- That the case was negotiated with the consideration of the victims
- That by entering a plea agreement, Haase spared the victim from having to

> "testify in front of 12 strangers that would be sitting in that box, looking at her. And, unfortunately, I know this is a small town, so I know a lot of people do know about this, but probably not all the details, and that would have been a situation that would have been uncomfortable I think for anybody, for the family, for the victim, in front of a jury trial."

- That Haase waived his preliminary hearing and entered into a plea agreement, signaling that he had been "very cooperative in the sense that he has not forced witnesses on the stand; he has tried to deal with this as best as he can."

*The sentencing court denies the downward durational departure motion.*

The court found no substantial and compelling reason to grant a sentencing departure. It emphasized:

(1) the nature of Haase's crimes;

(2) the age of the victim and the possibility that the damage done would last a lifetime; and

(3) Haase's prior convictions for domestic battery and murder in the second degree.

The sentencing court also stated that Haase posed "a significant danger to the public based upon [his] acts toward the victim in this case." Because no substantial and compelling reasons existed warranting a departure, the sentencing court denied Haase's motion for a downward durational departure.

After denying the departure, the sentencing court imposed two consecutive terms of life imprisonment without the possibility of parole for 25 years. This is followed with lifetime postrelease supervision after serving both sentences.

Haase appeals the denial of his sentencing departure motion and the sentence imposed.

*We see no abuse of discretion here.*

At his sentencing hearing, Haase confined his argument to sparing the State the cost of a trial and the victim the ordeal of testifying. He contends that his "entering a plea agreement, which spared the victims a public trial and saved extensive resources," as well as the fact that Haase "cooperated with the State," and the "State joined his recommendation for a departure" were substantial and compelling reasons to depart from the mandatory life imprisonment requirements for his off-grid felony convictions. Some legal concerns come into play here.

*Jessica's Law mandates the minimum sentence unless substantial and compelling reasons warrant a departure.*

Sentencing under Jessica's Law, as provided in K.S.A. 21-6627, generally calls for a life sentence with a mandatory minimum term of imprisonment. The statute, however, expressly authorizes and provides a procedure for imposing a departure sentence from the mandatory minimum sentence. See K.S.A. 21-6627(d). For an offender's first Jessica's Law conviction, a sentencing court may depart from the mandatory minimum and impose a sentence under the Revised Kansas Sentencing Guidelines Act if, "following a review of mitigating circumstances," a court finds substantial and compelling reasons to do so. K.S.A. 21-6627(d)(1); *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018). In other

5

words, the court here was required to impose a mandatory life sentence unless the court found substantial compelling reasons to depart from the mandatory sentence.

When deciding a motion to depart in a Jessica's Law case, a sentencing court must first review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Mitigating circumstances include:

> "(A) The defendant has no significant history of prior criminal activity;
> " (B) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances;
> "(C) the victim was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor;
> "(D) the defendant acted under extreme distress or under the substantial domination of another person;
> "(E) the capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired; and
> "(F) the age of the defendant at the time of the crime." K.S.A. 21-6627(d)(2)(A)-(F).

Then a sentencing court determines, based on all the facts of the case, whether the mitigating circumstances rise to the level of "'substantial and compelling'" reasons to depart from the mandatory minimum sentence. *Powell*, 308 Kan. at 913-14 (quoting *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 [2015]). A sentencing court does not need to affirmatively articulate that it refrained from weighing mitigating and aggravating circumstances. *Powell*, 308 Kan. at 908.

Some more rules come into play here. In the absence of any abuse of sound judicial discretion, a sentencing court's decision will stand. To find an abuse of discretion, reviewing courts must look at whether the decision was (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. The burden for

6

proving a sentencing court abused its discretion is borne by the party alleging its existence. *Powell*, 308 Kan. at 902.

*The sentencing court remained unmoved by the joint motion.*

The sentencing court found no substantial and compelling reasons to depart, stating:

> "[A]fter considering *the violent acts that you committed against a young child* in this case and *the damage that you have done to her*, which is likely going to be permanent, and how you obviously affected her mental health, probably for a lifetime. And, also, *considering your criminal history*, I note that you have convictions for domestic battery and murder in the second degree. And I do believe that *you pose a significant danger to the public* based upon your acts towards the victim in this case. So I do not find that there are substantial or compelling reasons to grant a durational departure in this case." (Emphases added.)

The sentencing court found no mitigating factors or any substantial and compelling reasons to depart from the mandatory minimum sentence. Rather, the court found reasons to sentence Haase to the mandatory minimum term of life imprisonment. Those reasons included the violent nature of his crimes; the age of the victim; his criminal history; and that he posed a significant danger to the public.

From our perspective, the reasons offered here for a departure sentence by the parties can be viewed as significant. But they are not compelling. The sentencing court's findings were reasonable, thus, denying Haase's downward durational departure was not an abuse of discretion.

*There is no Eighth Amendment violation here.*

Haase argues that his life imprisonment sentences violate the Eighth Amendment's prohibition against cruel and unusual punishment. Haase does acknowledge that his argument is unsupported by caselaw—most notably that the Kansas Supreme Court has rejected categorical challenges to the hard 25 life sentence imposed by K.S.A. 21-6627. See *State v. Newcomb*, 296 Kan. 1012, 1016-21, 298 P.3d 285 (2013) (for rape and aggravated indecent liberties with a child cases); *State v. Woodard*, 294 Kan. 717, 720-26, 280 P.3d 203 (2013) (for aggravated indecent liberties with a child cases cases).

Haase did not raise the issue when the sentencing court pronounced his sentence and raises it for the first time on appeal. See *State v. Green*, 315 Kan. 178, 182-83, 505 P.3d 377 (2022) (issues not raised before the lower court cannot be raised on appeal). He raises this issue for the first time on appeal to preserve future arguments for federal review.

In any event, this court is duty-bound to follow Kansas Supreme Court precedent unless there is some indication the Supreme Court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). The Supreme Court held that life sentences for both rape of a child and aggravated indecent liberties with a child—the same as Haase's convictions—do not violate either the Eighth Amendment to the United States Constitution or section 9 of the Kansas Constitution Bill of Rights. See *Newcomb*, 296 Kan. at 1019-21; *Woodard*, 294 Kan. at 726-27. We reject Haase's claim that his sentences violate the Constitution of the United States or the State of Kansas.

Affirmed.