NOT DESIGNATED FOR PUBLICATION

No. 127,142

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON LEE ZACHRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; KENDRA S. LEWISON, judge. Submitted without oral argument. Opinion filed January 31, 2025. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM:  Aaron Lee Zachry pled guilty to one count of aggravated indecent liberties with a child and one count of sexual exploitation of a child. Under Jessica's Law, he received two concurrent life sentences with the possibility of parole after 25 years. Prior to sentencing, he moved for a departure sentence, but the district court denied his motion. Now, Zachry contends that the district court abused its discretion in denying his motion. Zachry proposes several factors supporting departure, including a list of 36 comparable Riley County cases where defendants received lesser sentences, his lack of

1

criminal history, his network of supportive friends and family, and the fact that he would still be subject to lifetime sex offender registration, lifetime postrelease supervision, and the possibility of civil commitment under the Kansas Sexually Violent Predator Act. Ultimately, the district court did not abuse its discretion in determining that these were not substantial and compelling factors supporting a departure sentence, and we affirm.

FACTUAL AND PROCEDURAL HISTORY

Aaron Lee Zachry pled guilty to one count of aggravated indecent liberties with a child and one count of sexual exploitation of a child committed in June 2020 in Riley County. In exchange for Zachry's plea, the State agreed to dismiss 33 other charges he faced in this case, to dismiss two other cases filed against him, and to not file another case still under investigation.

As a first-time offender under Jessica's Law, Zachry was eligible for a departure sentence and pursued that option via a presentence motion. Zachry's motion outlined mitigating circumstances which he believed would justify a downward durational departure from the presumptive sentence of life with the possibility of parole after 25 years. Specifically, Zachry pointed to comparable Riley County cases where defendants received departure sentences. He also highlighted his lack of a criminal record, his acceptance of responsibility, and his supportive friends and family. Finally, Zachry reminded the district court that under a departure sentence he would still be subject to lifetime sex offender registration, lifetime postrelease supervision, and the possibility of civil commitment under the Kansas Sexually Violent Predator Act.

At sentencing, Zachry argued for a downward durational departure to the sentencing grid while the State pursued consecutive hard 25 sentences. The district court was not persuaded that substantial and compelling reasons existed to warrant a downward durational departure and imposed the standard sentence of life in prison with the

2

possibility of parole after 25 years for each count. The district court then decided to run both hard 25 sentences concurrent rather than consecutive.

Zachry now brings his case before this court for an assessment of whether the district court's denial of his request for a mitigated sentence amounts to an abuse of discretion.

ANALYSIS

On appeal, Zachry argues that several mitigating factors warranted a departure sentence and that these factors should have compelled the district court to depart from the standard sentence under Jessica's Law. The State responds by arguing that this court must find Zachry is not entitled to relief under applicable Kansas law.

Zachry preserved this issue by moving for a departure sentence prior to sentencing. This court has jurisdiction to review Zachry's sentence under K.S.A. 22-3601(a) and K.S.A. 22-3602(a).

*Jessica's Law and Standard of Review*

Jessica's Law controls sentencing for defendants who are 18 years old or older and convicted of statutorily enumerated crimes. K.S.A. 21-6627(a)(1). These statutorily enumerated crimes include, but are not limited to, aggravated indecent liberties with a child and sexual exploitation of a child. K.S.A. 21-6627(a)(1)(C), (F).

Sentencing under Jessica's Law generally provides for a life sentence with a mandatory minimum 25-year term of imprisonment. K.S.A. 21-6627(a)(1). The statute, however, expressly authorizes and provides a procedure for imposing a departure sentence from the mandatory minimum sentence. K.S.A. 21-6627(d). If it is the

3

offender's first Jessica's Law conviction, the district court may depart from the mandatory minimum and impose a sentence under the Revised Kansas Sentencing Guidelines Act if, "following a review of mitigating circumstances," the court finds substantial and compelling reasons to do so. K.S.A. 21-6627(d)(1); *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018).

When deciding a motion to depart in a Jessica's Law case, the district court must first review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then the district court determines, based on all the facts of the case, whether the mitigating circumstances rise to the level of "'substantial and compelling reasons'" to depart from the mandatory minimum sentence. 308 Kan. at 913-14 (quoting *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 [2015]).

Mitigating circumstances include, but are not limited to:

"(A) The defendant has no significant history of prior criminal activity;

"(B) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances;

"(C) the victim was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor;

"(D) the defendant acted under extreme distress or under the substantial domination of another person;

"(E) the capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired; and

"(F) the age of the defendant at the time of the crime." K.S.A. 21-6627(d)(2).

An appellate court will not reverse a sentencing court's denial of a departure under Jessica's Law unless the court abused its discretion in holding there was no substantial and compelling reason to depart. *Powell*, 308 Kan. at 902-03. A judicial action

constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

*Comparable Riley County Cases*

The first mitigating factor that Zachry relied on in his motion to depart was a comparison of his case with similar cases from Riley County where defendants received departure sentences. Zachry compiled a list of 36 cases where defendants who committed similar or arguably more serious crimes received a lesser sentence than Zachry received.

The district court, relying on *United States v. Contreras*, 180 F.3d 1204, 1209-10 (10th Cir. 1999), found that consideration of Zachry's list of 36 cases would be improper because sentencing decisions must be based on the individual circumstances of each case and each defendant. The district court also noted that most of the cases cited by Zachry— 29 out of 36—were the result of plea agreements, to which district courts often defer.

In *Contreras*, the Tenth Circuit Court of Appeals found that the district court abused its discretion in departing downward on the basis of codefendants' lesser sentences. The Tenth Circuit reasoned that sentencing disparities between codefendants is an impermissible departure factor when the codefendants were charged with different offenses or played different roles in the commission of the same offense. 180 F.3d at 1209-10.

In his brief, Zachry notes that *Contreras* is not a blanket ban on the consideration of sentencing disparities, as the Tenth Circuit has approved of such comparisons between codefendants in certain cases. See *United States v. Zapata*, 546 F.3d 1179, 1194 (10th

5

Cir. 2008); *United States v. Gallegos*, 129 F.3d 1140, 1143 (10th Cir. 1997). But the obvious problem with such a comparison here is that Zachry does not seek to compare his sentence to a codefendant's sentence. Zachry had no codefendants in his case, and the sentences he points to are completely unrelated to his own case. None of the cases cited by Zachry support the type of comparative analysis he proposes.

Looking at Kansas cases, a panel of this court addressed a similar sentence disparity argument in *State v. Ussery*, 34 Kan. App. 2d 250, 116 P.3d 735 (2005). There, this court found that the district court abused its discretion by impermissibly considering a juvenile codefendant's sentence when sentencing the adult defendant. The *Ussery* court emphasized that sentencing requires individualized consideration and disapproved of comparative sentencing. 34 Kan. App. 2d at 258.

Furthermore, the district court correctly identified the difficulties with comparing cases resolved by plea agreements. Every plea agreement is a bargain between the defendant and the State. Each party weighs the strengths and weaknesses of its case, and the resulting agreement reflects a wide variety of factors, including the strength of the evidence and the wishes of the victims. And plea agreements may be influenced by pending charges still under investigation or cases arising out of neighboring counties, as was the case here. See *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 81 L. Ed. 2d 437 (1984) (Plea bargains are intelligent choices among alternatives where "each side may obtain advantages when a guilty plea is exchanged for sentencing concessions.").

For the above reasons, it cannot be said that the district court abused its discretion in finding that the comparable Riley County cases were not a substantial and compelling factor supporting a departure sentence. The district court's decision to not consider this factor was not arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact.

6

*Lack of Criminal History*

Zachry next contends that his lack of any significant prior criminal activity supports a departure sentence. Unlike the previous factor, this is a statutorily enumerated factor that the district court properly considered in deciding whether to depart to the sentencing grid. K.S.A. 21-6627(d)(2)(A).

The district court found that Zachry's lack of criminal history was not a substantial and compelling factor. The district court noted that, for off-grid offenses, criminal history does not inform sentencing as it would for offenses governed by the Kansas Sentencing Guidelines. This reflects the Legislature's determination that sentencing for the most serious offenses should be consistent regardless of the defendant's history. The district court, relying on the victim impact statements, also noted that Zachry's crimes were not the result of a one-time offense. Rather, Zachry engaged in repeated conduct against multiple victims over an extended period of time.

Zachry's brief does not dispute the district court's reasoning. Nor does he argue that the district court's decision was arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. Therefore, it cannot be said that the district court abused its discretion in finding Zachry's lack of criminal history was not substantial and compelling.

*Supportive Friends and Family*

The next factor supporting departure that Zachry relies on is his supportive friends and family. Zachry's motion for departure was supported by several letters written by those close to him, and at the sentencing hearing many of these same loved ones testified on his behalf.

While such family and community support can be a factor to support a departure sentence, the district court did not find it substantial and compelling in this case. The district court reasoned that Zachry, as an autonomous adult, cannot be held accountable at all times by his friends and family, no matter how supportive. The district court also reasoned that Zachry's friends and family have no obligation to continue supporting him, so there is no guarantee that this support system will remain in place to help Zachry in the future.

Zachry's brief does not dispute the district court's reasoning. Nor does he argue that the district court's decision was arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. Therefore, it cannot be said that the district court abused its discretion in finding Zachry's supportive friends and family were not substantial and compelling.

*Additional Layers of Protection for the Public*

Finally, Zachry reminds this court that under a departure sentence he would still be subject to lifetime sex offender registration, lifetime postrelease supervision, and the possibility of civil commitment under the Kansas Sexually Violent Predator Act. Consequently, even under a departure sentence the public would still be insulated from any threat posed by Zachry.

The district court did not find these additional layers of protection to be substantial and compelling. The district court reasoned that every defendant convicted of the crimes Zachry committed is subject to the same lifetime sex offender registration, lifetime post-release supervision, and the possibility of civil commitment under the Kansas Sexually Violent Predator Act. That was the will of the Legislature, and Zachry is not unique in this respect.

Quoting K.S.A. 21-6601, Zachry reminds this court:

"'[P]ersons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law.'"

But it cannot be said that the district court did not consider the individual characteristics, circumstances, needs, and potentialities of Zachry's case. The district court addressed each of the departure factors raised in Zachry's motion, and it gave its reasons for finding those factors were not substantial and compelling. Zachry's brief fails to explain how the district court's decision was arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. Therefore, it cannot be said that the district court abused its discretion in denying Zachry's motion for a departure sentence.

Affirmed.