NOT DESIGNATED FOR PUBLICATION

No. 128,899

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

BRADLEY C. MELLINGTON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed May 29, 2026. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Daniel Wells*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER, J., and LAURA JOHNSON-MCNISH, District Judge, assigned.

PER CURIAM: Bradley Mellington appeals his sentence of life in prison without the possibility of parole for 25 years related to three counts of aggravated indecent liberties with a child. He argues the district court erred when it denied his motion for a sentencing departure. But the record reflects that the district court listened to Mellington's arguments and yet ultimately found them unpersuasive, given the seriousness and extent of Mellington's offenses. We affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Mellington with five counts of aggravated indecent liberties with a child for unlawfully engaging in lewd fondling or touching of three children who were under the age of 14. The State alleged these actions took place over the course of a decade, between 2014 and 2024.

Mellington waived his right to a preliminary hearing and later entered a guilty plea to three of the five counts, one for each victim. In exchange for his plea, the State dismissed the remaining two counts and recommended that the district court run Mellington's sentence for each conviction concurrent with each other and consecutive to any other cases. Under the agreement, Mellington was free to argue for any lawful alternative sentence, which the State would oppose.

Before sentencing, Mellington filed a motion to depart from the presumptive sentence for these offenses—life imprisonment without the possibility of parole for 25 years, or what is commonly known as a hard 25 sentence. Mellington offered several factors he claimed warranted a fixed-duration sentence under the Kansas Sentencing Guidelines, including that he

- accepted responsibility for the crimes;

- pleaded guilty, sparing the children victims from needing to appear in court and testify in front of a jury;

- has no criminal history;

- suffers from short-term memory loss that he attributes to seizures he experienced as a child;

- was in special education classes throughout school and had an Individualized Education Plan;

- participated voluntarily and truthfully in a psychosexual evaluation;

- was diagnosed with Fetishistic Disorder and Pedophilic Disorder;

- would only have access to general sexual offense treatment programs in prison rather than specialized treatment programs for these diagnosed disorders; and

- is motivated to avoid future offending behaviors, expresses desire to "'be a better person,'" and demonstrates an ability to maintain employment.

The parties offered their respective positions again at the sentencing hearing. The State asked the court to impose concurrent hard 25 sentences for Mellington's three convictions. Mellington sought a departure sentence, reiterating the mitigating factors presented in his earlier motion.

Mellington also addressed the court, his family, and the victims, apologizing for the harm caused by his actions. When he had finished, the State addressed the court, arguing that Mellington's remorse did not change the fact that he "violated multiple young girls that were in at least a pseudo-fiduciary relationship with him in positions of trust that he had with them." The district court considered the evidence and arguments presented by both sides and ultimately denied Mellington's motion.

The court sentenced Mellington to the presumptive hard 25 sentence on each count and followed the plea agreement's recommendation to run the sentences concurrent. Mellington appeals.

DISCUSSION

Mellington argues that it was unreasonable for the district court to deny his motion for a departure sentence in light of the mitigating circumstances he offered in his departure motion. Based on these mitigating factors, Mellington argues, "the district court should have felt compelled to depart to the grid as requested."

Jessica's Law requires a hard 25 sentence for any person who is 18 years of age or older and convicted of a statutorily enumerated crime—including aggravated indecent liberties with a child. K.S.A. 21-6627(a)(1)(C). But if it is the person's first time being sentenced under Jessica's Law, the district court may sentence them under a departure from the Kansas Sentencing Guidelines if "the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 21-6627(d)(1); see *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018).

The district court thus completes a two-step analysis when ruling on a motion for a departure sentence under Jessica's Law. First, the court reviews mitigating circumstances without weighing them against any aggravating circumstances that may exist. *State v. Jolly*, 301 Kan. 313, 322-23, 342 P.3d 935 (2015). Second, the court must determine whether there are substantial and compelling reasons for a departure. 301 Kan. at 323. When making this determination, the district court need not state its reasons for denying a departure motion or recite each step of the legal framework on the record. *Powell*, 308 Kan. at 909-11.

We review a district court's determination regarding substantial and compelling reasons to depart for abuse of discretion. 308 Kan. at 902. A district court abuses its discretion if the decision was based on a legal or factual error or was arbitrary, fanciful, or unreasonable—that is, if no reasonable person would have taken the view adopted by the judge. 308 Kan. at 902-03.

Mellington does not argue that the district court's denial of his motion was based on an error of fact or law. Instead, he argues that the district court's decision was unreasonable. We are unpersuaded.

While Mellington propounded nine mitigating factors he believed to be substantial and compelling reasons to depart from a hard 25 sentence to the sentencing grid, we cannot say that it was unreasonable for the district court to deny his motion. Mellington admitted he was guilty of committing serious crimes against multiple children over the span of a decade. During sentencing, Mellington acknowledged the severity of the harm he caused, called himself a "monster" for what he had done over the years, and stated that the facts alleged against him were largely true. Further, as the district court noted, the children Mellington targeted were young members of his and his girlfriend's family whom he had privileged access to based on his close relational ties. Mellington thus exploited children for whom he should have served in a role as a trusted adult in their lives.

District courts are vested with considerable discretion to determine when a departure sentence based on a proper mitigating factor may be warranted. Here, the court found that the presumptive hard 25 sentence was appropriate given the serious nature and extent of Mellington's crimes. We find the court's opinion to be reasonable under these facts and affirm the district court's judgment.

Affirmed.